## FREEMAN v. SEIBERLING RUBBER CO.
### No. 6482.

Circuit Court of Appeals, Sixth Circuit.
June 5, 1934.

Hadley F. Freeman, of Cleveland, Ohio (Freeman & Weidman, of Cleveland, Ohio, George M. Albrecht, of Milwaukee, Wis., and Harry S. Weidman, of Cleveland, Ohio, on the brief), for appellant.

Robert Guinther, of Akron, Ohio (Slabaugh, Seiberling, Huber & Guinther, of Akron, Ohio, and L. E. Morrison, of New York City, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

This is a suit for infringement of letters patent 1,833,225 for pneumatic tires issued to appellant as assignee of the inventors. The defense was based on a writing executed by appellant while he was owner of the patent application, granting to the appellee's assignor, the Lambert Tire & Rubber Company, "license under any and all said letters patent, sole and exclusive, indivisible, nonassignable except with the business and good-will of said The Lambert Tire and Rubber Company, extending as to each said letters patent throughout the territory to which such letters patent extend and for the full term over which such letters patent may be in force and effect, to make, use, and sell pneumatic tires provided in the tread thereof with transverse holes extending entirely through the tread from one side to the other and having the entrances to the holes beginning at the inner surfaces of recesses or notches located in the sides of the tread, and marked to give notice of said letters patent as from time to time may be required by the statutes in such case made and provided." The trial court held that this document, if not an assignment of the patent rights, was an exclusive license to make and sell the patented tires, and dismissed the bill.

On this appeal the appellant contends that the document relied upon went no further than to grant an exclusive license to make and sell tires with transverse holes extending entirely through the tread from one side to the other and having the entrances to the holes beginning at the inner surfaces of recesses or notches located in the sides of the tread, and that some of the tires made by the appellee did not come within this limitation imposed in the license. The appellee controverts these contentions and insists that the grant was an assignment of the patent rights.

We assume, without deciding, that the document did not amount to an assignment, but was the grant of an exclusive license. We also assume, as contended by appellant, that a patentee or owner of a patent may grant an exclusive license to make and sell one embodiment of the invention and retain for himself the right to make and sell all other embodiments. Compare Indiana Mfg. Co. v. Nichols & Shepard Co. (C. C.) 190 F. 579. We are nevertheless convinced that the license here in question is broad enough to include all embodiments of the invention. It is a sole, exclusive, and indivisible license under "any and all said letters patent." This means all that was disclosed and claimed as invention. In view of the breadth of the grant, the phrase "tires provided in the tread thereof," etc., is to be construed, in our opinion, as indicative of the type of the invention and not as a limitation on the grant.

It is further contended by appellant that the appellee is an infringer because the conditions on which the license was given have not been complied with. It is true that, if a licensee fails to stay within the terms of the license grant, he loses the protection of his license and becomes an infringer. Indiana Mfg. Co. v. Nichols & Shepard Co., supra. The contention here is that appellee did not become the owner of the Lambert license because the grant to Lambert was on condition that the license should not be assigned except with the business and good will of that

company. We think this condition was met. The evidence shows that the Lambert Company's main business was manufacturing and selling pneumatic tires, and that it transferred this business and its good will to the appellee. It further shows that, while the company had done some business in solid and cushion tires, it ceased that character of business contemporaneously with the transfer of the license and its pneumatic tire business to the appellee, and that immediately thereafter it closed its plant and did not again engage in business. We are likewise of opinion that it cannot be claimed that appellee is an infringer because it failed to mark the patented articles so as to give notice of the patent. The appellee is a sole and exclusive licensee. No other license is outstanding. The appellant did not reserve the right, under the license agreement, to make the patented articles. He excluded himself from the field for a consideration which he received in full. He therefore has no substantial interest in the patent and has suffered no injury. Besides, he is estopped from asserting infringement against the appellee upon the ground that it acted without the terms of the license, because immediately upon the issuance of the patent he served notice on the appellee that it was an infringer, and that it had no right to make the tires. He did not then demand that the appellee mark its tires showing the patent, but instead served notice indicating a claim that it had no valid license and thus no right to make them. When it is too late to mark those it has made, he cannot claim infringement because of failure to mark them as required by a provision of the license, which license he then said gave the appellee no right to make and sell them.

The decree of the District Court is affirmed.